UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PIERRE LAVI,

                          Plaintiff,

-against-

MUFG BANK; DANAMON BANK, an instrumentality of MUFG Bank,

                          Defendants.

22-CV-3167 (JPO)

ORDER OF SERVICE

---

J. PAUL OETKEN, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction. He seeks to recover the balance held in a bank account maintained by Defendant Danamon Bank, in Indonesia. By order dated June 14, 2022, the court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court directs service on Defendant MUFG Bank.

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. Furthermore, the first service attempt by the Marshals was unsuccessful. The Court therefore extends the time to serve until 90 days after the date of this Order.

The Marshals attempted service at 1221 Avenue of the Americas on November 3, 2022, however, they found no employees of the Defendant in that building. (*see* Dkt. No. 13.) On January 3, the Plaintiff filed a letter with the Court informing that this service was attempted at the wrong address. Because Plaintiff proceeds *pro se*, the Court construes this as a request for a new attempt at service, and for a further extension of time in which to complete service.

To allow Plaintiff to effect service on Defendant MUFG Bank through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant MUFG Bank.

If the complaint is not served within 90 days after the date of this Order, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant MUFG Bank, complete the USM-285 forms with the addresses for this defendant, and deliver all documents necessary to effect service on Defendant MUFG Bank to the U.S. Marshals Service.

The Clerk of Court is also directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   January 6, 2023

       New York, New York

                                                            _____
                                                                 J. PAUL OETKEN
                                                             United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1. MUFG Bank Ltd.
   1251 Avenue of the Americas
   New York, NY 10020